## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR11-3028-MWB |
| Plaintiff, | |
| vs. | **ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS** |
| JOHN WAYNE GAGEN, | |
| Defendant. | |

_____

## *I. INTRODUCTION AND BACKGROUND*

On July 28, 2011, an Indictment was returned against defendant John Wayne Gagen, charging defendant with conspiracy to distribute 500 grams or more of methamphetamine which contained at least 50 grams or more of pure methamphetamine, having previously been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851.  On April 12, 2012, Gagen filed a Motion to Suppress in which he seeks to suppress statements he made to law enforcement officers on January 6, 2011, arguing that his statements were obtained without his having been informed of his constitutional rights as required by *Miranda v. Arizona*, 384 U.S. 436 (1966).  Gagen also seeks to suppress statements he made to law enforcement officers as well as evidence seized from his person, following a traffic stop on April 9, 2011, again arguing that his statements were obtained without his having been informed of his constitutional rights as required by *Miranda*.  He argues that methamphetamine obtained from his person during that traffic stop is the fruit of that unlawful questioning.  The prosecution filed a timely resistance to Gagen's motion.

Gagen's Motion to Suppress was referred to Chief United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). Judge Zoss conducted an evidentiary hearing on April 25, 2012, and then filed a Report and Recommendation in which he recommends Gagen's motion to suppress be granted in part and denied in part. Judge Zoss concluded Gagen was not in custody at the time of the questioning on January 6, 2011. Therefore, Judge Zoss concluded that the fact that *Miranda* warnings were not given does not bar the use of Gagen's statements at trial. Judge Zoss also concluded defendant Gagen was not in custody at the time his questioning on April 9, 2011, commenced. However, Judge Zoss concluded that Gagen was in custody after methamphetamine was found on his person and he was handcuffed. Finally, Judge Zoss found that a statement Gagen made at the jail about the quantity of methamphetamine on his person was a voluntary statement and not the product of interrogation. Thus, Judge Zoss concluded that Gagen's statements, made before the methamphetamine on his person was found and he was handcuffed, did not violate *Miranda* and should not be suppressed but that any statements Gagen made after being handcuffed, but before being *Mirandized* should be suppressed. Judge Zoss further concluded the methamphetamine found on Gagen at the time of the traffic stop was not the fruit of an illegal interrogation and should not be suppressed. Judge Zoss also determined that Gagen's statement at the jail about the quantity of methamphetamine on his person should not be suppressed. Neither the prosecution nor Gagen have filed objections to Judge Zoss's Report and Recommendation.

## II. *LEGAL ANALYSIS*

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court has reviewed the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no

objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, the court **accepts** Judge Zoss's Report and Recommendation and orders that defendant Gagen's Motion to Suppress is **granted in part and denied in part**. Gagen's Motion to Suppress is denied as to all statements he made to law enforcement officers on January 6, 2011. Gagen's Motion to Suppress is also denied as to statements he made to law enforcement officers following a traffic stop on April 9, 2011, up until the time that he was placed in handcuffs, but granted as to any statements he made after being handcuffed. Gagen's Motion to Suppress is further denied as to the methamphetamine found on his person. Finally, Gagen's motion is denied as to his statement made at the jail about the quantity of methamphetamine found on his person on April 9, 2011.

      **IT IS SO ORDERED.**

      **DATED** this 27th day of June, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA